# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### June 26, 2001 Session

## STATE OF TENNESSEE v. MARY CHRISTINE WHITESIDE COOK

**Appeal from the Criminal Court for Bradley County**
**No. 86-28     R. Steven Bebb, Judge**

---

**No. E2000-02802-CCA-R3-CD**
**July 27, 2001**

---

The defendant, Mary Christine Whiteside Cook, seeks to appeal as of right from the trial court's denying her petition to enforce a plea bargain agreement and her request for a writ of habeas corpus. She asserts that pursuant to the agreement, she is entitled to immediate release from her imprisonment, which results from her 1986 conviction upon her plea of guilty to first degree murder. We are constrained to dismiss the appeal because of the lack of jurisdiction.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

JOSEPH M. TIPTON, J., delivered the opinion of the court, in which JAMES CURWOOD WITT, JR. and ROBERT W. WEDEMEYER, JJ., joined.

Charles C. Morrow, Nashville, Tennessee, for the appellant, Mary Christine Whiteside Cook.

Paul G. Summers, Attorney General and Reporter; John H. Bledsoe, Assistant Attorney General; Jerry N. Estes, District Attorney General; and Sandra N.C. Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

The defendant was charged in 1985 with the murder, conspiracy to murder, and the procuring of codefendants to assault with intent to commit first degree murder of the victim, Judith Penley. Pursuant to a written plea agreement, the defendant pled guilty to first degree murder in April 1986. The agreement provides that the state dismiss the other charges against the defendant and states the following:

> Further, the State of Tennessee agrees that, after the defendant's
> service of ten years, the State will not object to or in any way hinder,
> by oral or written communication, the defendant's efforts, if any, to

seek executive clemency, commutation of sentence, or other release from custody.

The defendant is currently serving the life sentence resulting from this conviction.

The defendant filed a petition to enforce her plea bargain agreement, claiming that the state has violated its agreement not to object to or hinder her efforts to seek clemency, sentence commutation, or other release from custody. In the petition, she alleges that although she sought executive clemency or commutation of her sentence, the state has declined to consider either. She also alleges that the state opposed her application to the federal district court regarding this matter, resulting in the dismissal of her application. She argues that the only remedy available should be specific performance of the agreement and requests her immediate release. In the trial court, the state responded that the agreement did not bind the entire state of Tennessee, pointing to the express language of the agreement, which provides that the "agreement will be binding upon the State of Tennessee, as prosecutor in this case, and the defendant, Mary Christine Whiteside Cook." It asserted that the state, as a prosecutor in the case, has complied with the terms of the agreement. On appeal, the defendant adds the claim that her sentence is illegal. She contends that the sentence is, therefore, void.

As for our jurisdiction over this appeal, the state asserts that the defendant was not entitled to an appeal as of right pursuant to Rule 3(b), T.R.A.P., because she waived her right to appeal in the plea bargain and because a petition to enforce a plea agreement is not listed in the Rule as an action from which an appeal as of right lies. It also asserts that the sentence is not void, thereby foreclosing the viability of the appeal through a writ of certiorari. See Jerry L. Cox v. State, No. E2000-02044-CCA-R3-PC, Sullivan County (Tenn. Crim. App. Apr. 17, 2001). Moreover, it contends that the pleadings fail to meet the statutory requirements for a petition for writ of habeas corpus, which must be strictly followed. See Tenn. Code Ann. § 29-21-107; Archer v. State, 851 S.W.2d 157, 165 (Tenn. 1993). Finally, the state notes that no written order denying the defendant's petition was entered by the trial court, although it notes that the transcript of the trial court's rulings is in the record.

We agree with the state's assessments in this case. An appeal as of right pursuant to Rule 3(b), T.R.A.P., lies from judgments or final orders in specified circumstances which do not apply in this case other than habeas corpus actions. However, even viewing the defendant's case as a habeas corpus case, the lack of entry of a final judgment or order precludes us from deciding this case on appeal. Ultimately, we see no circumstance in the record that would allow us to accept jurisdiction.

In consideration of the foregoing, we dismiss the appeal.

_____
JOSEPH M. TIPTON, JUDGE